THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HATTIE HAMPTON, Appellant. — Appeal from a judgment rendered December 16, 1970, convicting defendant of the crime of assault, first degree. On November 6, 1969, at approximately 9:00 A.M., defendant took her four-year-old daughter to the Liberty Loomis Hospital in Liberty, Sullivan County, New York. On examination it was determined that the child was dead. The child's body was covered with multiple scars and marks, some new and some old. Defendant and her husband were indicted for manslaughter, first degree, in violation of section 125.20 of the Penal Law. A severance was granted and defendant was tried alone. She was convicted of assault, first degree, and received a sentence for a term not to exceed 11 years. Defendant raises several issues on this appeal. Her first contention is that the court erred in receiving into evidence five photographs taken shortly after 10:00 A.M. on November 6, 1969, of the

nude body of the deceased child depicting the various scars and marks. We find no merit in this contention. Introduced into evidence was defendant's signed statement admitting she had struck her daughter on several occasions on days immediately preceding the child's death. She stated in substance that on one occasion she used a leather sandal shoe. She further stated the daughter was a bad child and she had to beat her to make her mind. The marks and scars on the child's body were material to the charges against the defendant. Consequently, the photographs were competent evidence of the appearance of the child, and admissible. (*People* v. *Fish*, 125 N. Y. 136; *Cowley* v. *People*, 83 N. Y. 464, 477-480.) Defendant also maintains that it was error for the court to receive into evidence, over objection, the autopsy report. This report contained the statement that death was caused by (1) traumatic shock and (2) battered child syndrome. It is an established principle of law that certain public records may be received into evidence without offending the hearsay rule or right of confrontation. An autopsy report is such a public record and, therefore, admissible. Our courts, however, have not extended the rule to include opinions as to the cause of death contained in such reports. (*People* v. *Nisonoff*, 267 App. Div. 356, 369, affd. 293 N. Y. 597.) On such an issue a defendant may not be deprived of the right of confrontation and cross-examination. In the instant case the error, in our opinion, was harmless and we conclude that defendant was not prejudiced. Disregarding the report, there remains in the record ample evidence to establish the defendant's guilt beyond a reasonable doubt. It is significant that in spite of the admission of this document, the jury refused to find her guilty of manslaughter. The record further reveals that there was no exception to the court's charge. The defendant made several requests, and took exception to but one refusal. We have examined the other issues raised by defendant and find them to be without merit. Judgment affirmed. Herlihy, P. J., Staley, Jr., Greenblott, Sweeney and Simons, JJ., concur.