OPINION OF THE COURT
John Copertino, J.
Defendant — upon oral application — renews his motion to dismiss the indictment. The People oppose defendant’s application (see, People v Jennings, 69 NY2d 103, 113).
Defendant argues that the Grand Jury — in considering the evidence which culminated in the instant indictment charging defendant with two counts of murder in the second degree— was improperly permitted to receive that portion of the autopsy report which contained an opinion as to cause of death *798 which stated "Manner of Death: Homicide.” In support of his position defendant points to People v Benigni (NYLJ, Apr. 24, 1987, at 18, col 1), which on this very issue held that the indictment must be dismissed. This court holds otherwise.
"The primary function of the Grand Jury in our system is to investigate crimes and determine whether sufficient evidence exists to accuse a [person] of a crime and subject [that person] to criminal prosecution * * * [t]he Grand Jury is not, of course, charged with the ultimate responsibility of determining the guilt or innocence of the accused” (People v Calbud, Inc., 49 NY2d 389, 394). The Grand Jury need only posses "reasonable cause to believe that the accused committed the crime to be charged” (People v Jennings, 69 NY2d 103, 115, supra).
As such, the test to determine the sufficiency of the evidence is whether the legally competent and admissible evidence, if unexplained and uncontradicted, would sustain a conviction (CPL 190.65; People v Jennings, supra; People v Sabella, 35 NY2d 158, 167; People v Dunleavy, 41 AD2d 717, affd 33 NY2d 573).
Autopsy reports are properly admissible before a Grand Jury (CPL 190.30 [2]) as well as at trial (People v Nisonoff, 293 NY 597). Although it is clearly error to permit an autopsy report to be admitted at trial without first redacting the opinion as to the cause of death (People v Hampton, 38 AD2d 772), submission of autopsy reports to the Grand Jury without redacting such opinions need not necessarily constitute error. This is so because the rule prohibiting submission of such opinions in autopsy reports — at trial — denies defendant the right to confront and to cross-examine witnesses against him (People v Hampton, supra; NY Const, art I, § 6). However, these rights are not applicable before the Grand Jury (see, People v Perez, 105 Misc 2d 845; United States v Hata & Co., 535 F2d 508 [9th Cir], cert denied 429 US 828).*
*799 Assuming, arguendo, that it was error to permit the autopsy report to be submitted to the Grand Jury without first redacting "Manner of Death: Homicide,” it is established law in this State that submission of inadmissible evidence to a Grand Jury is fatal only when the remaining legal evidence is insufficient to sustain the indictment (People v Avant, 33 NY2d 265; People v Eckert, 2 NY2d 126; People v Leary, 305 NY 793; People v Rabinowitz, 277 App Div 793, affd 301 NY 763; see, United States v Calandra, 414 US 338; cf., People v Hampton, 38 AD2d 772, supra [opinion in autopsy report admitted into evidence at trial held to be harmless error]).
This court concludes that the remaining competent and admissible evidence presented to and considered by the Grand Jury supports the indictment.
Accordingly, defendant’s motion is denied.

 Presently, an expert in New York is permitted to express an opinion when the facts or inferences to be drawn from the facts depend "upon professional or scientific knowledge or skill not within the range of ordinary training or intelligence” (Dougherty v Milliken, 163 NY 527, 533; see also, Selkowitz v County of Nassau, 45 NY2d 97; Kulak v Nationwide Mut. Ins. Co., 40 NY2d 140). It is conceivable that in certain cases the evidence indicating cause of death may be so technical or unusual that expert opinion would be necessary for Grand and petit juries to fully comprehend the evidence presented to it. In the case at bar the matter set forth in the autopsy report renders the opinion therein superfluous.
*799 Expert opinion testimony as to the cause of death is permitted at trial in a criminal prosecution for murder when the cause of death is in issue (see, People v Winchell, 98 AD2d 838, affd 64 NY2d 826; People v Dlugash, 51 AD2d 974, affd as mod 41 NY2d 725).