■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT VIOLANTE, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him, after a jury trial, of intentional murder (Penal Law § 125.25 [1]). Defendant, together with Gino Cobos and Thomas Cenzi, was charged with intentional murder, felony murder, robbery and assault for severely beating and robbing James Amico in Sebastian Park in the City of Rochester. The men later returned and dumped the victim into the Barge Canal causing him to drown. The People's main witness was Louis Destino, whom the trial court found to be an accomplice, as a matter of law, on all charges except intentional murder. Defendant's claim that the court's charge to the jury on the definition of an accomplice was erroneous is the same issue raised and determined in a prior appeal by the codefendant Cobos. This court's decision affirming Cobos' conviction fully resolved this issue (see, People v Cobos, 85 AD2d 893, affd 57 NY2d 798).

Defendant raises a number of additional issues. He contends that the court erred in permitting the prosecution to bolster their case by offering into evidence the prior consistent statement of Louis Destino. As a general rule, an impeached witness cannot be rehabilitated by his prior consistent statements except to rebut a claim of recent fabrication (People v Davis, 44 NY2d 269, 277; Crawford v Nilan, 289 NY 444).

Here, however, where the accomplice Destino was extensively cross-examined about a number of prior inconsistent statements he made to the police, the People were entitled, on redirect examination, to rehabilitate their witness by showing that his trial testimony was consistent with a version of the facts he had previously given to the police *(see, People v Baker,* 23 NY2d 307, 323).

The court did not abuse its discretion in allowing the prosecutor, on redirect examination, to elicit testimony about defendant's offer of "hush money" to Destino. Evidence that a defendant attempted to procure false testimony or to corrupt a witness is generally admissible as evidence of consciousness of guilt *(see, People v Davis,* 43 NY2d 17, 26, *cert denied* 435 US 998). The extent of redirect examination is, for the most part, governed by the sound discretion of the trial court *(People v Melendez,* 55 NY2d 445, 451). Where the opposing party "opens the door" on cross-examination to matters not raised during the direct examination, a party has a right on redirect " 'to explain, clarify and fully elicit [the] question only partially examined' " on cross-examination *(People v Melendez, supra,* at 451).

At trial defendant objected to the receipt of the autopsy report on the grounds that Dr. Evelyn Lewis, who prepared the report was available to testify. The autopsy report is a public record which is admissible into evidence in a criminal trial without offending the hearsay rule or defendant's right of confrontation *(People v Nisonoff,* 267 App Div 356, *affd* 293 NY 597; *People v Hampton,* 38 AD2d 772, 773; *see also,* CPLR 4518; CPL 60.10). However, while the autopsy findings are admissible to establish the primary facts stated therein, opinions as to the cause of death contained in such report are not admissible *(People v Nisonoff, supra; People v Hampton, supra,* at 773; *see also, Schelberger v Eastern Sav. Bank,* 93 AD2d 188, 198, *affd* 60 NY2d 506). We agree with defendant that the Medical Examiner's opinion that the cause of death was "probable drowning" should have been excluded as impermissible hearsay. We conclude that the error was harmless. A licensed forensic pathologist, who was called in to consult on the autopsy findings, testified that he agreed with the conclusions of the autopsy report and that it was also his opinion that the cause of death was due to probable drowning as a result of blunt head trauma. Thus, there was proof in the record, independent of the autopsy report, which established the cause of death.

We have examined the other issues raised and find them to

be without merit. Defendant was not denied a fair trial by the mention of his involvement with drugs. The brief reference to marihuana use could not have swayed the jury into convicting defendant of murder. Also a delay in the disclosure of *Rosario* material does not warrant reversal unless there has been a showing of substantial prejudice to the defendant *(People v Martinez,* 71 NY2d 937, 940; *People v Ranghelle,* 69 NY2d 56, 63; *People v Paternoster,* 140 AD2d 995, *lv denied* 72 NY2d 864). The jury verdict was not against the weight of the evidence. (Appeal from judgment of Supreme Court, Monroe County, Contiguglia, J.—murder, second degree.) Present— Callahan, J. P., Doerr, Green, Pine and Davis, JJ.