■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN CURRY, Appellant.—

The defendant contends that while the People's evidence may be sufficient to prove that he recklessly caused the victim's death, there was insufficient evidence that his conduct occurred under circumstances evincing a depraved indifference to human life. Accordingly, he submits that his conviction for depraved indifference murder should be reduced to manslaughter in the second degree in the interest of justice. We disagree.

Viewing the evidence in a light most favorable to the People (see, People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt. Here,

where the number of injuries showed that the defendant inflicted numerous blows, the jury was entitled to find that, by striking a three-year-old child repeatedly in the head and face with enough force to produce the injuries sustained, the defendant created a grave risk of the child's death and did cause his death under circumstances evincing a depraved indifference to human life *(see,* Penal Law § 125.25 [2]; *People v Roe,* 74 NY2d 20, 24; *People v Register,* 60 NY2d 270, 274; *People v Mettler,* 147 AD2d 849, 850-851).

We have examined the defendant's other contentions and find them to be either unpreserved for appellate review or without merit. Mangano, J. P., Kunzeman, Eiber and Kooper, JJ., concur.