■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOEY ABNEY, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Weissman, J.), rendered March 30, 1988, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Copertino, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to the police.

Ordered that the judgment is affirmed.

Viewing the evidence in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of depraved indifference murder beyond a reasonable doubt. The defendant admitted that after an argument with his elderly uncle he went into a rage during which he repeatedly hit his uncle in the face and head with an axe. Additionally, the medical examiner testified that the victim had been stomped on and kicked while on the ground. The jury was thus entitled to find that the defendant created a grave risk of the victim's death and caused his death under circumstances evincing a depraved indifference to human life *(see,* Penal Law § 125.25 [2]; *People v Roe,* 74 NY2d 20; *People v Rammelkamp,* 167 AD2d 560). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [2]).

We find unpersuasive the defendant's claim that the incul-

patory statements he made to police at a precinct and at the homicide squad office were obtained in violation of his constitutional rights. It is well settled that the factual determinations of a hearing court are to be accorded great deference on appeal and will not be set aside unless they are unsupported by the evidence *(see generally, People v Perry,* 144 AD2d 706, 706-707). We discern no basis for disturbing the conclusions of the hearing court in this case, as the record amply supports its findings that the defendant was not in custody at the time a detective conducted investigatory questioning at the precinct and that the defendant's statements at the homicide squad office were preceded by a valid waiver of his *Miranda* rights. Accordingly, suppression of those statements was properly denied *(see, People v Hurley,* 154 AD2d 617, 618).

The defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80). Kooper, J. P., Sullivan, Harwood and Rosenblatt, JJ., concur. *[See,* 135 Misc 2d 797.]