■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRADFORD APPLEGATE, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered August 1, 1989, convicting him of murder in the second degree, criminal mischief in the third degree, criminal impersonation in the second degree, and forgery in the third degree, upon a jury verdict, and sentencing him to an indeterminate term of imprisonment of 25 years to life on the murder count to run consecutively to an indeterminate term of imprisonment of one and one-third to four years on the criminal mischief count and determinate terms of one year imprisonment on the forgery and criminal impersonation counts to run concurrently to each other and with all other terms of imprisonment. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by him to law enforcement authorities.

Ordered that the judgment is modified, on the law, by reducing the sentences imposed on the convictions of forgery in the third degree and criminal impersonation in the second degree from concurrent terms of one year imprisonment to concurrent terms of six months imprisonment; as so modified, the judgment is affirmed.

The defendant contends, *inter alia,* that the People failed to prove his guilt of any of the crimes of which he was charged, beyond a reasonable doubt. Specifically, as to the murder conviction, the defendant argues that the People failed to prove that the body recovered by the police was that of Jane Verity or that, under circumstances evincing a depraved indifference to human life, he recklessly engaged in conduct which caused Verity's death. The defendant argues, *inter alia,* that the incriminating testimony of Gary Kutzner, a self-confessed drug abuser who related the details of the defendant's admissions, was incredible. Further, the defendant asserts that his conviction for the murder was against the weight of the evidence.

Initially, it should be noted that although the defendant

moved for a trial order of dismissal as to all charges, he did not argue at that time that the People failed to establish that Jane Verity's body was the body which was recovered or that he caused her death. His failure, thereby, to timely raise this claim renders it unpreserved for appellate review *(see, People v Gomez,* 67 NY2d 843, 845; *People v Smith,* 158 AD2d 488, 489). In any event, this claim is without merit. Contrary to the defendant's assertions, the People were not required to prove the identity of the victim's body in order to prove that the defendant caused her death. The defendant's admissions that he killed Verity, albeit allegedly in self-defense, his involvement in disposing of her body in the Hudson River, his admission that he was the last person to see Verity before she disappeared, his flight, and the discovery of human blood stains in his apartment, were sufficient to establish her death and that the defendant was the cause thereof *(see, People v Lipsky,* 57 NY2d 560, 563; *People v Curro,* 161 AD2d 784, 785). Once the fact of death has been proven, the identity of the deceased may be proven by circumstantial evidence *(People v Weisbrot,* 124 AD2d 762, 763). Here, a rational jury could have found that the testimony of the People's experts that the teeth of the body recovered from the Hudson River matched those depicted in the panoramic X-ray of Verity's teeth, established that the body recovered was in fact that of Verity.

In order for the People to prove that the defendant was guilty of depraved indifference murder, the evidence must show that the defendant "[u]nder circumstances evincing a depraved indifference to human life * * * recklessly engage[d] in conduct which create[d] a grave risk of death to another person" (Penal Law § 125.25 [2]; *People v Roe,* 74 NY2d 20, 24; *People v Register,* 60 NY2d 270, 274, *cert denied* 466 US 953; *People v Curry,* 158 AD2d 466, 467). Viewing the evidence in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt. Here, where the extent of the injuries and the corroborating evidence showed that the defendant inflicted numerous blows, the jury was entitled to find that, by striking Verity repeatedly in the head and face with enough force to produce the injuries sustained, the defendant created a grave risk of Verity's death and did cause her death under circumstances evincing a depraved indifference to human life *(see, People v Curry, supra,* at 467; *People v Watson,* 156 AD2d 403). Furthermore, upon the exercise of our factual review power, we find that the verdict was not against the weight of the evidence (CPL 470.15 [5]). The defendant's

contention that he hit Verity in order to defend himself and that she died when she hit her head on a table as she fell, was inconsistent with the extent of her injuries and thus was properly rejected by the jury. The defendant's contentions that the testimony of Gary Kutzner was unworthy of belief because of his criminal history and involvement with illegal drugs, is similarly unavailing. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witness (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (People v Garafolo, 44 AD2d 86, 88).

With regard to the sentence imposed for murder in the second degree, the imposition of an appropriate sentence is within the sound discretion of the trial court (People v Junco, 43 AD2d 266, 268, affd 35 NY2d 419, cert denied 421 US 951). Here, the trial court properly exercised its discretion in imposing the maximum sentence on the defendant. In view of the defendant's previous involvement with the criminal justice system, the brutal nature of the murder, and the lack of any extraordinary circumstances which would warrant a lesser sentence than the one imposed, the sentencing Judge acted properly in imposing the challenged sentence and we decline to exercise our discretion to modify it (see, People v Cox, 161 AD2d 724, 726; People v Suitte, 90 AD2d 80, 85-87). However, as the People concede, the one year sentences imposed upon the defendant's convictions for forgery in the third degree (Penal Law § 170.05) and criminal impersonation in the second degree (Penal Law § 190.25) must be reduced to six months as this was the maximum definite sentence that could be imposed upon convictions for these class A misdemeanors under the law as it existed at the time the defendant was convicted and sentenced (Penal Law § 70.15 [1]).

We have considered the defendant's remaining contentions, including those raised in his supplemental pro se brief, and find them to be either unpreserved for appellate review or without merit. Thompson, J. P., Kunzeman, Miller and Copertino, JJ., concur.