■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW J. MITUZAS, Appellant. [608 NYS2d 316] —Appeal by the defendant from a judgment of the County Court, Westchester County (Cowhey, J.), rendered June 18, 1991, convicting him of robbery in the second degree (two counts), assault in the second degree and criminal possession of stolen property in the fifth degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant claims that his convictions were not supported by legally sufficient evidence because they were based on the testimony of one of his accomplices which was not corroborated. The testimony of other trial witnesses, including the defendant himself, sufficiently connected the defendant to the crimes so as to reasonably satisfy the fact finder that the accomplice's testimony was truthful (see, People v Ericsen, 186 AD2d 219). Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. There is also no merit to the defendant's claim that the accomplice suffered from "moral and mental defects" which rendered him "irresponsible" (People v Foster, 64 NY2d 1144, 1147, 1148, cert denied 474 US 857). The record reveals that the accomplice's testimony was consistent with that of the complainants and did not contain "hopeless contradictions" (People v Foster, supra, at 1147). Finally, the court did not improvidently exercise its discretion in refusing to direct the People to produce the accomplice for further cross-examination as to the extent of his intoxication on the night of the crimes, since the testimony was collateral to the material issues at trial (see, People v Anderson, 168 AD2d 624). Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.