■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADOLPHUS ZIMMERMAN, Appellant. [624 NYS2d 614] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered April 14, 1992, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On April 21, 1990, the defendant shot the victim at least five times, killing him. The People offered the testimony of an eyewitness who claimed to be a drug dealer employed by the defendant. The witness explained that the defendant murdered the victim, who was another drug dealer employed by the defendant, in a dispute over a $50 debt.

On appeal, the defendant maintains that the court improperly allowed testimony of his drug dealings, as he was only charged with murder. We find that this evidence was admissible to establish the defendant's motive for murdering the

victim. Evidence of unconnected and uncharged criminal conduct is inadmissible to establish criminal disposition. However, such evidence may be admissible if offered for some other relevant purpose *(see, People v Vails,* 43 NY2d 364). When the prior uncharged criminal conduct is directly probative of the crime charged, it may be deemed to outweigh the prejudicial effect. The testimony regarding the defendant's drug dealing enterprise was directly relevant to establishing the defendant's motive for murdering the victim *(see, People v Molineux,* 168 NY 264; *People v Cain,* 193 AD2d 810).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit. Bracken, J. P., Miller, Ritter and Goldstein, JJ., concur.