■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY ARTIS, Appellant. [631 NYS2d 907] —Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (Linakis, J.), rendered December 21, 1993, convicting him of murder in the second degree and criminal possession of a weapon in the third degree under Indictment No. 5195/92, upon a jury verdict, and imposing sentence, and (2) an amended judgment of the same court, also rendered December 21, 1993, revoking a sentence of probation previously imposed by the same court (Flaherty, J.), under Indictment No. 2845/90 upon a finding that he had violated a condition thereof, upon his admission, and imposing a sentence of imprisonment upon his previous adjudication as a youthful offender. The appeal from the judgment brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment and the amended judgment are affirmed.

Contrary to the defendant's contention, the hearing court properly denied his motion to suppress the in-court identification by a prosecution witness who testified that he saw the defendant, Chad Rambharose, and the victim enter the alleyway where the victim was killed, and shortly thereafter heard a gunshot. The evidence adduced at the hearing supported the hearing court's determination that the witness, a neighbor of the defendant who saw the defendant on the street virtually every day for three years, was sufficiently familiar with the defendant that, regardless of the suggestive photographic identification to which he was subjected, there was virtually no possibility that he could misidentify the defendant *(see, People v Rodriguez,* 79 NY2d 445, 450).

Also without merit is the defendant's contention that the trial court erred, both procedurally and substantively, in

permitting the prosecutor to introduce evidence tending to establish that the defendant sold drugs. In conformity with *People v Ventimiglia* (52 NY2d 350), the trial court made a general advance determination that testimony that the defendant was a drug dealer was relevant on the issue of motive, as well as to establish how some of the witnesses who identified the defendant were acquainted with him, and was therefore admissible. Under the circumstances of the case, that determination does not constitute an improvident exercise of discretion *(see, People v Zimmerman,* 212 AD2d 821; *People v Branch,* 191 AD2d 576; *see also, People v Montanez,* 41 NY2d 53, 58).

With respect to the sufficiency of the evidence of the defendant's guilt of depraved indifference murder, we reject the defendant's contention that his conviction was based upon the uncorroborated testimony of an accomplice *(see,* CPL 60.22 [1]). Rambharose's testimony was amply corroborated, among other things, by the testimony of an independent witness who saw Rambharose, the defendant, and the victim enter the alleyway just before the victim was shot, as well as by testimony that the defendant told a friend that he had shot the victim in the head *(see, People v Moses,* 63 NY2d 299, 306; *People v Mituzas,* 201 AD2d 744).

In addition, although the evidence presented is more consistent with the conclusion that the defendant intended to kill the victim than with the jury's conclusion that the defendant acted recklessly, "[w]e are not free to vacate a conviction based on a finding of recklessness merely because we ourselves consider that a finding of intent would have been more plausible in light of the evidence" *(People v Tankleff,* 199 AD2d 550, 554; *see also, People v Applegate,* 176 AD2d 888; *People v Abney,* 173 AD2d 545; *People v Santana,* 163 AD2d 495, *affd* 78 NY2d 1027; *People v Curry,* 158 AD2d 466). Moreover, there is some evidence that the defendant was intoxicated at the time of the murder, a circumstance which would support a finding of depraved indifference murder *(see,* Penal Law § 15.05 [3]; *People v Register,* 60 NY2d 270, 280, *cert denied* 466 US 953).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. O'Brien, J. P., Copertino, Santucci and Joy, JJ., concur.