◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEAN RENE, Appellant. [637 NYS2d 453] —Appeal by the defendant from a judgment of the County Court, Nassau County (Boklan, J.), rendered April 8, 1992, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, upon the exercise of

our factual review power, we find that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]). Although the evidence presented was more consistent with the conclusion that the defendant intended to kill the victim than with the jury's conclusion that he acted recklessly, we are "not free to vacate a conviction based on a finding of recklessness merely because we ourselves consider that a finding of intent would have been more plausible in light of the evidence" (People v Artis, 220 AD2d 441, citing People v Tankleff, 199 AD2d 550, 554, affd 84 NY2d 992).

Under the circumstances of this case, the defendant was not deprived of a fair trial by the court's denial of his motion for leave to file notice of an alibi defense. The motion was made more than one year subsequent to his arraignment as the trial was about to commence, the defendant's only excuse for the late filing was that he believed his attorney to be "an agent of the People", and the defendant refused to cooperate with his attorney by disclosing the names of his alibi witnesses (see, People v Toro, 198 AD2d 532; People v Caputo, 175 AD2d 290).

The defendant's contention that his right to be present at all material stages of the proceedings was violated because he was absent during the readback of testimony rests on matters outside the record and is improperly presented on direct appeal (see, People v Brown, 192 AD2d 666; People v Weinberg, 183 AD2d 930).

The defendant's remaining contentions are either without merit or do not warrant reversal. Bracken, J. P., Altman, Hart and Goldstein, JJ., concur.