THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN JONES, Appellant. [644 NYS2d 305]

Contrary to the defendant's contention, we conclude that he was not in custody the first time he was questioned by Detective Giambalvo, prior to the administration of *Miranda* warnings. A reasonable person in the defendant's position would not have considered himself to be in custody at the time of the initial questioning. The nature of the detective's questioning at that point was investigatory rather than accusatory. Moreover, the defendant had voluntarily gone to the precinct and was cooperative with the police. At the time he made the challenged statement he was not handcuffed. In view of the foregoing, the hearing court properly declined to suppress the defendant's first statement to Detective Giambalvo. Insofar as the defendant did not move to suppress the second statement he made to the police after the administration of *Miranda* warnings, any claim on appeal regarding it is clearly unpreserved for appellate review *(see,* CPL 470.05).

We also reject the defendant's contention that the trial court erroneously denied his request that assault in the second degree pursuant to Penal Law § 120.05 (4) (recklessly causing physical injury) be charged as a lesser-included offense of the charge of assault in the first degree (Penal Law § 120.10 [1]) since there is no reasonable view of the evidence that would support a finding that he committed assault in the second degree pursuant to Penal Law § 120.05 (4) but not assault in the first degree.

The defendant's remaining contention is unpreserved for appellate review *(see, People v Smith,* 73 NY2d 961; *People v Sullivan,* 153 AD2d 223). Sullivan, J. P., Joy, Krausman and McGinity, JJ., concur.