■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL ARENAS, Appellant. [644 NYS2d 900] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Fisher, J.), rendered October 13, 1994, convicting him of criminal sale of a controlled substance in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to defendant's contention, the record does not reveal a "tacit understanding" between the prosecutor and the defendant's accomplice to reduce the accomplice's sentence in exchange for testifying against the defendant (*see, People v Cwikla,* 46 NY2d 434). The defendant's remaining contentions are either unpreserved for appellate review, without merit or do not require reversal. Pizzuto, J. P., Santucci, Altman and Hart, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY CAMPBELL, Appellant. [644 NYS2d 906] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Griffin, J.), rendered April 6, 1994, convicting him of murder in the second degree and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court properly submitted the alternative count of depraved indifference murder to the jury (*see,* CPL 300.40 [5]). Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of depraved indifference murder beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt on that count was not against the weight of the evidence (*see, People v Artis,* 220 AD2d 441; CPL 470.15 [5]).

Under the circumstances of this case, the sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80). Pizzuto, J. P., Santucci, Altman and Hart, JJ., concur.