■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THEODORE DAVIS, Appellant. [690 NYS2d 71] —Appeal by the defendant from a judgment of the County Court, Westchester County (Leavitt, J.), rendered March 24, 1997, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

The County Court properly denied that branch of the

defendant's omnibus motion which was to suppress statements he made to law enforcement authorities. The factual determinations of a hearing court are to be accorded great deference on appeal and will not be disturbed unless clearly unsupported by the evidence (*see, People v Prochilo,* 41 NY2d 759; *People v Abney,* 173 AD2d 545; *People v McIntyre,* 138 AD2d 634; *People v Putland,* 105 AD2d 199, 206). The record amply supports the finding of the hearing court that the defendant's first statement made to the police at the time he was arrested was preceded by a valid waiver of his *Miranda* rights (*see, People v Sirno,* 76 NY2d 967; *People v Davis,* 55 NY2d 731). With respect to the defendant's subsequent statements made to the police while he was in a holding cell, such statements were voluntary and spontaneous and were not the product of police interrogation. Therefore, suppression was properly denied (*see, People v Rivers,* 56 NY2d 476, 479; *People v Tyson,* 160 AD2d 826; *People v Scalafani,* 150 AD2d 400; *People v Kern,* 149 AD2d 187, *affd* 75 NY2d 638, *cert denied* 498 US 824; *People v Sims,* 127 AD2d 712).

To the extent that the defendant's claim of ineffective assistance of counsel is premised upon his attorney's failure to present certain evidence, it involves matters which are dehors the record and is therefore not properly presented on direct appeal (*see, People v Boyd,* 244 AD2d 497; *People v Lebrun,* 234 AD2d 392). Insofar as we are able to review the defendant's claim of ineffective assistance of counsel, we find that defense counsel's performance amply met the standard of meaningful representation (*see, People v Ellis,* 81 NY2d 854; *People v Satterfield,* 66 NY2d 796; *People v Baldi,* 54 NY2d 137). Bracken, J. P., Thompson, Joy and Luciano, JJ., concur.