■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK WILLIAMS, Appellant. [701 NYS2d 56] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Cowhey, J.), rendered June 24, 1997, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement personnel.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, his initial statements to the police were not made while in a custodial setting and therefore did not require that he be advised of his *Miranda* rights (*see, People v Jones,* 228 AD2d 522; *People v Bailey,* 140 AD2d 356). The defendant voluntarily went to the precinct, manifested a willingness to aid police in their investigation, was unrestrained at all relevant times and left alone for approximately two hours, and the door to the room in which he sat was completely open. Further, any questioning was wholly investigatory, not accusatory.

Regarding the defendant's subsequent post-*Miranda* statements, we find that, contrary to his assertions, the defendant was properly advised of his *Miranda* rights (*see, People v Chapple,* 38 NY2d 112), and that he knowingly and intelligently waived them (*see, People v Love,* 85 AD2d 799, *affd* 57 NY2d 998).

Further, viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt and the jury was entitled to find that the defendant created a grave risk of serious injury or death and did cause the child's death under circumstances evincing a depraved indifference to human life (*see,* Penal Law § 125.25 [4]; *People v Curry,* 158 AD2d 466, 467; *People v Roe,* 74 NY2d 20, 24; *People v Register,* 60 NY2d 270, 274, *cert denied* 466 US 953).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80; *People v Junco,* 43 AD2d 266, 268, *affd sub nom. People v Walls,* 35 NY2d 419, *cert denied* 421 US 951).

The defendant's remaining contentions are either unpre-

served for appellate review (*see,* CPL 470.05 [2]) or without merit. Ritter, J. P., Thompson, Joy and H. Miller, JJ., concur.