■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRED WHITE, Appellant. [701 NYS2d 439] —Appeal by the defendant from a judgment of the County Court, Orange County (Pano Z. Patsalos, J.), rendered August 18, 1997, convicting him of arson in the third degree and criminal mischief in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress oral and written statements he made to law enforcement officials.

Ordered that the judgment is affirmed.

The hearing court properly denied those branches of the defendant's omnibus motion which were to suppress his oral and written statements to the police. His initial oral statement was not made while in a custodial setting and therefore it was not obtained in violation of his *Miranda* rights (*see, Miranda v Arizona,* 384 US 436; *People v Centano,* 76 NY2d 837; *People v Hicks,* 68 NY2d 234; *People v Yukl,* 25 NY2d 585, *cert denied* 400 US 851; *People v Williams,* 264 AD2d 431; *People v Jones,* 228 AD2d 522). The defendant's subsequent written statement was given after he was properly informed of his *Miranda* rights and he voluntarily, knowingly, and intelligently waived them (*see, People v Williams, supra; People v Jones, supra*).

Viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The trial court properly denied the defendant's request to charge the jury on the lesser-included offense of arson in the fourth degree (Penal Law § 150.05), as there was no reasonable view of the evidence from which the jury could have found that the defendant recklessly rather that intentionally caused damage when he started the fire at the subject premises in three distinct locations, using accelerants at two of those locations (*see, People v Long,* 259 AD2d 634; *People v Lucas,* 238 AD2d 524; *see generally, People v Van Norstrand,* 85 NY2d 131; *People v Glover,* 57 NY2d 61).

The defendant was not entitled to a full circumstantial evidence charge as the People's case consisted of both direct and

circumstantial evidence (*see, People v Daddona,* 81 NY2d 990; *People v Emery,* 159 AD2d 992; *People v King,* 158 AD2d 471).

The sentence imposed was not excessive (*People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are unpreserved for appellate review and we decline to review them in the exercise of our interest of justice jurisdiction. Mangano, P. J., Thompson, Altman and Luciano, JJ., concur.