■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE MORGAN, Appellant. [615 NYS2d 913] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hanophy, J.), rendered April 23, 1992, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of depraved indifference murder (see, Penal Law § 125.25 [2]). In addition, upon the exercise of our factual review power, we find that there is no merit to the defendant's contention that the verdict was against the weight of the evidence (see, CPL 470.15 [5]). The medical examiner testified that the defendant stabbed the decedent six and possibly seven times in the chest, abdomen, and back. The defendant struck with such force that there were bruises on the skin and the wounds were between 2 and 1/2 and 4 and 1/2 inches deep. Further, there was testimony that the defendant had initiated an altercation with

the decedent just prior to the stabbing. Thus, the jury could find that the defendant was not acting in self-defense. Based on the number and ferocity of the blows and the resultant wounds sustained by the decedent, the jury could reasonably find that the defendant evinced a depraved indifference to human life *(see, e.g., People v Applegate,* 176 AD2d 888; *People v Curry,* 158 AD2d 466; *People v Watson,* 156 AD2d 403; *People v Languena,* 129 AD2d 587).

Contrary to the defendant's contention, the trial court did not improvidently exercise its discretion in denying the defendant's application for a further psychiatric examination pursuant to CPL article 730 to ascertain his competency to stand trial *(see, People v Gensler,* 72 NY2d 239, *cert denied* 488 US 932; *People v Greco,* 177 AD2d 648; *People v Picozzi,* 106 AD2d 413). Nor was the defendant's sentence excessive *(see, People v Suitte,* 90 AD2d 80). O'Brien, J. P., Ritter, Santucci and Krausman, JJ., concur.