■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE LERMINEAU, Appellant. [637 NYS2d 837] —Judgment unanimously modified on the law and as modified affirmed and new trial granted on count three of indictment only in accordance with the following Memorandum: Defendant was convicted, following a jury trial, of manslaughter in the first degree (as a lesser included offense of murder in the second degree), assault in the first degree, and two counts of criminal possession of a weapon in the third degree. The charges arose out of defendant's conduct in stabbing one man to death and stabbing another man in the chest with a large kitchen knife following an argument between the victims and defendant's mother at her home. Defendant admitted stabbing the two men but claimed that the stabbings were justified in defense of his mother. Upon our review of the record, we conclude that the jury's verdict rejecting the defense of justification *(see,* Penal Law § 35.15 [2] [a]) is not against the weight of the evidence and that the jury's verdict convicting defendant of manslaughter in the first degree is supported by legally sufficient evidence *(see, People v Bleakley,* 69 NY2d 490, 495).

We agree, however, with the contention of defendant that County Court erred in denying his request to charge reckless assault in the second degree (Penal Law § 120.05 [4]) as a lesser included offense of assault in the first degree (Penal Law § 120.10 [1]). Defendant was charged under count three of the indictment with assault in the first degree (Penal Law § 120.10 [1]) for intentionally causing serious physical injury to Scott Clark by means of a dangerous instrument, to wit, a knife. The court charged intentional assault in the second degree under Penal Law § 120.05 (1) as a lesser included offense, but denied defendant's request to charge reckless assault in the second degree (Penal Law § 120.05 [4]) as a lesser included offense. Applying the two-prong analysis to determine whether defendant is entitled to a lesser included offense charge *(see, People v Glover,* 57 NY2d 61, 63), we conclude that reckless assault in the second degree (Penal Law § 120.05 [4]) is a lesser included offense of intentional assault in the first degree *(see, People v Leonardo,* 89 AD2d 214, 217, *affd* 60 NY2d 683) and that a reasonable view of the evidence supports a finding that defendant

committed the lesser offense but not the greater *(see, People v Glover, supra,* at 63).

Thus, we modify the judgment by reversing the conviction for assault in the first degree under count three of the indictment and vacating the sentence imposed thereon, and we grant a new trial on count three of the indictment only.

We have reviewed the other issues raised on appeal and conclude that there is no merit to those contentions, including the contentions raised in defendant's *pro se* supplemental brief. (Appeal from Judgment of Erie County Court, LaMendola, J.— Manslaughter, 1st Degree.) Present—Green, J. P., Pine, Fallon, Callahan and Davis, JJ.