■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN BELL, Appellant. [701 NYS2d 660] —Appeal by the defendant from a judgment of the County Court, Westchester County (Perone, J.), rendered September 24, 1998, convicting him of criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see, Anders v California, 386 US 738; People v Paige, 54 AD2d 631; cf., People v Gonzalez, 47 NY2d 606). Bracken, J. P., Thompson, Sullivan and Krausman, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAREEM CHAPMAN, Appellant. [701 NYS2d 664] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gary, J.), rendered May 22, 1997, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient is unpreserved for appellate review (see, CPL 470.05 [2]; People v Gray, 86 NY2d 10). In any event, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it is legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see, Penal Law § 125.25 [2]). The medical examiner testified that the decedent had been stabbed 21 times, including six times in the back. The decedent was struck with such force that one of his chest wounds was between three and four inches deep. Based upon the extent of the injuries and the number of stab wounds inflicted upon the decedent, the jury could reasonably find that the defendant evinced a depraved indifference to human life (see, People v Stewart, 239 AD2d 614; People v Morgan, 207 AD2d 501, affd 87 NY2d 878; People v Rivera, 205 AD2d 807). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict is not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit. Bracken, J. P., Thompson, Sullivan and Krausman, JJ., concur.