■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD DELGADO, Appellant. [704 NYS2d 273] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Robinson, J.), rendered May 29, 1998, convicting him of murder in the second degree, robbery in the first degree (two counts), and robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Leach, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant contends that his statements to detectives should have been suppressed because they were obtained by

deceit and trickery, and by intentionally and unlawfully isolating him from his mother, who was his only avenue to obtaining counsel. We disagree. The defendant failed to establish that the isolation resulted from official deception or trickery (*see, People v Salaam,* 83 NY2d 51, 55; *People v Townsend,* 33 NY2d 37). The police told his mother where they were taking him, i.e., to the station house. When the defendant's mother telephoned the station house she was truthfully informed that the defendant was there, that there was a problem, and that she should come there. There is no indication that the defendant's mother attempted to obtain a lawyer for the defendant at any time. Moreover, where there has been no attempt by the police to conceal the presence of the defendant or to deceive the family, a refusal by the police to allow a parent to see a child does not render any subsequently-obtained confession inadmissible per se (*see, People v Salaam, supra,* at 56; *see also, People v Townsend, supra,* at 42; *People v Taylor,* 16 NY2d 1038; *People v Hocking,* 15 NY2d 973). Additionally, since the defendant was 16 years old, there was no requirement that his mother or some other family member be present during the police questioning (*see, People v Dearstyne,* 230 AD2d 953, 958; *People v Morales,* 228 AD2d 525; *People v Thomas,* 223 AD2d 612, 613).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Feuerstein, Schmidt and Smith, JJ., concur.