■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE MILES, Appellant. [714 NYS2d 714] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Golia, J.), rendered March 28, 1996, convicting him of attempted murder in the second degree, robbery in the first degree (two counts), criminal possession of a weapon in the second degree, and criminal possession of stolen property in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress statements and physical evidence.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that his statements to the police were involuntary. The defendant's first statement, given two days after the shooting incident, was properly admitted because it was not the product of a custodial interrogation (*see, Matter of Kwok T.,* 43 NY2d 213).

Moreover, the totality of the circumstances surrounding the defendant's interrogation at the police precinct, as revealed at the *Huntley* hearing (*see, People v Huntley,* 15 NY2d 72), supports the hearing court's conclusion that the defendant's later written and videotaped statements were voluntarily made (*see, Schneckloth v Bustamonte,* 412 US 218; *People v Anderson,* 42 NY2d 35). The defendant was advised of, and knowingly and intelligently waived, his *Miranda* rights (*see, People v Wil-*

*liams,* 62 NY2d 285, 287; *People v Bucknor,* 140 AD2d 705). There was no credible evidence that the police detectives threatened or coerced the defendant, or that the police unlawfully isolated the defendant from "supportive adults" who attempted to see him (*People v Salaam,* 83 NY2d 51, 55; *see, People v Townsend,* 33 NY2d 37). Moreover, the defendant's presence at the police station for approximately 12 hours, in and of itself, does not render his statements inadmissible (*see, People v Tarsia,* 50 NY2d 1; *People v Smith,* 208 AD2d 966).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit. Ritter, J. P., S. Miller, Friedmann and Krausman, JJ., concur.