■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERREN WHORLEY, Appellant. [730 NYS2d 595] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of assault in the first degree (Penal Law § 120.10 [1]) and sentencing him to a determinate term of imprisonment of 13 years. Supreme Court properly denied the motion of defendant to suppress two written statements. Based upon the totality of the circumstances under which the statements were made, we conclude that they were voluntary (*see, People v Anderson,* 42 NY2d 35, 38; *People v Pearce,* 283 AD2d 1007; *People v Raymond,* 278 AD2d 798, *lv denied* 96 NY2d 805). Defendant signed the two statements on May 12, 1999, one at 7:00 A.M. and the other at 6:17 P.M. Regardless of whether defendant's interrogation began at 10:00 P.M. or 11:00 P.M. on May 11, 1999, we conclude that the duration of the interrogation resulting in the signing of defendant's first statement is not excessive, particularly in view of the fact that defendant signed the statement one hour after he had expressly waived his rights a second time (*see, People v Miles,* 276 AD2d 566, *lv denied* 96 NY2d 737). With respect to the second statement, we note that defendant was offered coffee

and food during the first period of interrogation, he was offered a meal on the morning of May 12 after he signed the first statement, there were numerous breaks in the total period of interrogation, including nearly three hours between the signing of the first statement and the commencement of the second period of interrogation, and he twice waived his *Miranda* rights (*see, People v Nelson*, 234 AD2d 977, 977-978, *lv denied* 89 NY2d 1039). There was no credible evidence to support the testimony of defendant that he was physically abused and, indeed, that testimony is contradicted by the booking photograph of defendant (*see, People v Miles, supra*, at 567). We further reject defendant's contentions that the evidence is legally insufficient to support the conviction and that the verdict is against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). Finally, the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Supreme Court, Onondaga County, Brunetti, J.—Assault, 1st Degree.) Present—Pigott, Jr., P. J., Hayes, Hurlbutt, Burns and Gorski, JJ.