■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEVAR CHUNG, Appellant. [731 NYS2d 494] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered March 11, 1999, convicting him of mur-

der in the second degree, criminal possession of a weapon in the fourth degree, and tampering with physical evidence, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Rosenzweig, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement authorities.

Ordered that the judgment is affirmed.

The defendant, 16 years old at all relevant times, argues that his inculpatory statements must be suppressed because he was subjected to police questioning in the absence of his mother. Initially, the record demonstrates that the defendant was advised of, and knowingly, voluntarily, and intelligently waived his constitutional rights (*People v Miles*, 276 AD2d 566). Moreover, the police were not obligated to refrain from questioning the 16-year-old defendant in his mother's absence (*see, People v Delgado*, 269 AD2d 604; *People v Page*, 225 AD2d 831). The police did not employ deception or trickery to isolate the defendant from his mother or any other relevant "supportive adults" (*People v Salaam*, 83 NY2d 51, 55; *see, People v White*, 276 AD2d 652). In any event, ample evidence was adduced at the *Huntley* hearing (*see, People v Huntley*, 15 NY2d 72) demonstrating that the defendant's mother was present only during his questioning. The testimony of the defendant's mother that she was only present during the separate interrogation of her younger son, the defendant's 13-year-old brother who was also involved in the underlying incident, created an issue of credibility. Since the hearing court's factual determination is supported by the record, it will not be disturbed on appeal (*see, People v Manning*, 251 AD2d 350; *People v Garafolo*, 44 AD2d 86).

Viewing the evidence in a light most favorable to the prosecution (*see, People v Contes*, 60 NY2d 620), we find that it was legally sufficient to prove the defendant's guilt beyond a reasonable doubt (*see, People v Chapman*, 268 AD2d 530; *People v Morgan*, 207 AD2d 501, *affd* 87 NY2d 878; *People v Watson*, 156 AD2d 403). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's remaining contentions are without merit. Krausman, J. P., S. Miller, Schmidt and Crane, JJ., concur.