■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON HUDSON, Appellant. [750 NYS2d 892] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Perone, J.), rendered September 1, 1999, convicting him of assault in the first degree (two counts) and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the trial court erroneously instructed the jurors on the elements of criminal possession of a weapon in the third degree (*see* Penal Law § 265.02 [1]), because it omitted any reference to his prior conviction, is not preserved for appellate review (*see* CPL 470.05 [2]).

In any event, where, as here, "the fact that the defendant has been previously convicted of an offense raises an offense of lower grade to one of higher grade and thereby becomes an element of the latter" (CPL 200.60 [1]), and "the defendant admits the previous conviction, that element of the offense charged in the indictment is deemed established, no evidence in support thereof may be adduced by the people, and the court must submit the case to the jury without reference thereto and

as if the fact of such previous conviction were not an element of the offense" (CPL 200.60 [3] [a]; *see* CPL 200.60 [1]). Here, the defendant admitted his prior conviction. Accordingly, the trial court properly omitted from its charge to the jury any reference to the defendant's prior conviction (*see People v Miller,* 142 AD2d 760).

The defendant's remaining contentions were either waived at trial, or not preserved for appellate review (*see People v Albert,* 85 NY2d 851; *People v Jones,* 284 AD2d 46; *People v Moore,* 233 AD2d 670; *People v Nunez,* 229 AD2d 598). Prudenti, P.J., Florio, Friedmann and Adams, JJ., concur.