■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO FERNANDEZ, Appellant. [758 NYS2d 329] —Judgment, Supreme Court, Bronx County (Phylis Skloot Bamberger, J.), rendered January 14, 2002, convicting defendant, after a jury trial, of assault in the second degree and criminal possession of a weapon in the fourth degree, and sentencing him to concurrent terms of six years and one year, respectively, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). There is no basis

for disturbing the jury's determinations concerning credibility. Although it is uncontested that the complainant reached for the knife first, and even if we were to accept defendant's version of the events wherein the complainant was the initial aggressor, we would still conclude that the jury properly rejected defendant's justification defense. Defendant ended up with the knife and inflicted severe injuries on the complainant, while defendant remained virtually uninjured. Furthermore, when the police arrived, defendant was still advancing with knife in hand upon the unarmed complainant, who was retreating after having been stabbed three times and cut in numerous places. Under these circumstances, the weight of the evidence supports the conclusion that defendant's use of force was unjustified.

The court properly redacted the complainant's medical triage sheet to exclude a reference to past drug use, because defendant made no attempt to lay a proper foundation for the admission of such evidence, the complainant was never given an opportunity to confirm or deny that he had made such a statement to the emergency services worker, and the statement was not germane to diagnosis or treatment on the facts presented and did not fall within any exception to the hearsay rule (*see Rivera v City of New York*, 293 AD2d 383 [2002]).

The record fails to support defendant's assertion that the court precluded him from cross-examining the complainant about his alleged history of drug use in order to impeach his general credibility. Instead, defendant expressly sought to elicit only whether the complainant was under the influence of drugs at the time of the incident, and the court permitted such inquiry. Moreover, at a later colloquy concerning the medical record at issue, defendant reiterated that he was only interested in the complainant's drug use at the time of the incident or within the preceding 24 hours.

We perceive no basis for reducing the sentence. Concur—Nardelli, J.P., Andrias, Sullivan, Rosenberger and Wallach, JJ.