THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN FINLEY, Appellant. [810 NYS2d 905]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Boklan, J.), rendered December 6, 2001, convicting him of attempted murder in the second degree, criminal possession of a weapon in the second degree, criminal use of a firearm in the first degree, and assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was deprived of the effective assistance of counsel based upon the cumulative effect of numerous alleged errors and omissions of the defense counsel at his retrial. To prevail on a claim of ineffective assistance of counsel, "[a] defendant bears the well-settled, high burden of demonstrating that he [or she] was deprived of a fair trial by less than meaningful representation" (*People v Hobot*, 84 NY2d 1021, 1022 [1995]). Mere losing tactics are not to be confused with ineffectiveness, and to sustain a claim of ineffective assistance of trial counsel, proof of less than meaningful representation is required, rather than disagreement with counsel's strategies and tactics (*see People v Benevento*, 91 NY2d 708, 713 [1998]; *People v Flores*, 84 NY2d 184, 187 [1994]; *People v Sinclair*, 266 AD2d 482 [1999]). As long as a defendant was afforded meaningful representation, the courts may not, aided by the wisdom of hindsight, second-guess matters of the defense counsel's trial strategy (*see People v Satterfield*, 66 NY2d 796, 798 [1985]). Thus, to establish ineffective assistance, a defendant must demonstrate the absence of strategic or other legitimate explanations for counsel's allegedly deficient conduct (*see People v Caban*, 5 NY3d 143, 152 [2005]; *People v Rivera*, 71 NY2d 705, 709 [1988]).

The defendant's assertions are either without merit, or raised insignificant errors. Under the circumstances of this case, we

find that the defendant was afforded meaningful representation (*see People v Benevento, supra* at 714; *People v Baldi,* 54 NY2d 137, 147 [1981]). Adams, J.P., Crane, Spolzino and Dillon, JJ., concur.