■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONTAY JOHNSON, Appellant. [817 NYS2d 340]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Cowhey, J.), rendered September 4, 2002, convicting him of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant argues that the trial court erred in failing to instruct the jury on the defense of justification with respect to the counts of the indictment charging him with criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree. However, the defendant's argument is unpreserved for appellate review (*see People v Herring*, 282 AD2d 546 [2001]). In any event, the trial court properly refused to charge the defense of justification (*see People v Pons*, 68 NY2d 264 [1986]; *People v Almodovar*, 62 NY2d 126 [1984]; *People v Pritchett*, 298 AD2d 411 [2002]; *People v Abdul-Hakeem*, 172 AD2d 177 [1991]).

The defendant further argues that the trial court erred in failing to instruct the jury on the defense of temporary innocent possession of the subject weapon with respect to the same charges. However, there was no reasonable view of the evidence upon which the jury could have found that the defendant's possession was innocent (*see People v Williams*, 50 NY2d 1043 [1980]).

To the extent that the defendant's claims of ineffective assistance of counsel involve matters dehors the record, they may not be reviewed on direct appeal (*see People v Velazquez*, 21 AD3d 388 [2005]; *People v Campbell*, 6 AD3d 623 [2004]). Insofar as we are able to review the defendant's claims, the defense counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708 [1998]; *People v Sumpter*, 27 AD3d 590 [2006]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Santucci, J.P., Spolzino, Lifson and Covello, JJ., concur.