■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP CALDAROLA, Appellant. [845 NYS2d 117]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Zambelli, J.), rendered April 5, 2005, convicting him of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and tampering with physical evidence, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the trial court erred in failing to instruct the jury on the defense of temporary innocent possession is only partially preserved for appellate review since defense counsel requested the charge solely with respect to the count of the indictment charging the defendant with criminal possession of a weapon in the third degree (*see People v Gray*, 86 NY2d 10, 18-19 [1995]; *People v Smith*, 23 AD3d 416, 417 [2005]; *People v Cruz*, 13 AD3d 390 [2004]). In any event, viewing the testimony in the light most favorable to the defendant (*see People v Steele*, 26 NY2d 526, 529 [1970]), there was no reasonable view of the evidence upon which the jury could have found that the defendant's possession was innocent. Thus, the charge was not warranted (*see People v Banks*, 76 NY2d 799, 800 [1990]; *People v Williams*, 50 NY2d 1043, 1044-1045 [1980]; *People v*

*Johnson,* 30 AD3d 439 [2006]; *People v Cruz,* 13 AD3d 390 [2004]; *People v Silas,* 308 AD2d 465, 466 [2003]; *People v Way,* 304 AD2d 844, 844-845 [2003]; *People v Hawkins,* 258 AD2d 472 [1999]; *People v Medina,* 237 AD2d 382, 382-383 [1997]).

As relevant here, a person is guilty of the crime of tampering with physical evidence when: "Believing that certain physical evidence is about to be produced or used in an official proceeding or a prospective official proceeding, and intending to prevent such production or use, he suppresses it by any act of concealment, alteration or destruction, *or* by employing force, intimidation or deception against any person." (Penal Law § 215.40 [2] [emphasis added]). Rather than use the disjunctive word "or" emphasized above, the indictment in this case used the word "and." The defendant contends that the indictment thus required the People to prove both an act of concealment, alteration, or destruction, *and* the use of force, intimidation, or deception. The trial court charged the jury according to the statute, rather than the indictment. Based on the foregoing, the defendant contends that he was denied due process of law because the court's instruction, in effect, constructively amended the indictment and reduced the quantum of proof the People had to offer in order to obtain a conviction on this count. As the defendant failed to object to the court's charge, this contention is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hudson,* 300 AD2d 508 [2002]; *People v Harvey,* 212 AD2d 730 [1995]). In any event, the contention is without merit, as the indictment charged more than the People were required to prove under the statute (*see* Penal Law § 215.40 [2]), and the trial court's charge did not usurp the grand jury's powers or change the theory of the prosecution (*see People v Charles,* 61 NY2d 321, 326-328 [1984]; *People v Clougher,* 246 NY 106, 112 [1927]; *People v Nicholas,* 35 AD2d 18, 20 [1970]).

The defendant's contention that the People deprived him of a fair trial by advancing the allegedly unsupported theory that he concealed a gun in his jacket pocket during the shooting is without merit, as this theory was supported by the evidence adduced at trial, and the prosecutor's arguments on summation constituted fair comment on the evidence (*see People v Gillespie,* 36 AD3d 626, 627 [2007]; *People v Smith,* 21 AD3d 386 [2005]; *People v Martinez,* 5 AD3d 278 [2004]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility is primarily a matter to be determined by the jury, which saw and

heard the witnesses, and its determination should be accorded great deference on appeal (see *People v Romero,* 7 NY3d 633, 644-645 [2006]; *People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]). Upon the exercise of our factual review power (see CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (see *People v Romero,* 7 NY3d at 644-645).

The sentence imposed was not excessive (see *People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Miller, J.P., Ritter, Covello and McCarthy, JJ., concur.