■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DESMOND FRANCIS, Appellant. [853 NYS2d 366]—

The defendant's contention that the court erred in denying that branch of his omnibus motion which was to suppress his videotaped statement to the police is without merit. The totality of the circumstances surrounding his interrogation at the station house, as revealed at a *Huntley* hearing (*see People v Huntley,* 15 NY2d 72 [1965]), supports the hearing court's conclusion that the defendant's videotaped statement was voluntarily made (*see People v Tarsia,* 50 NY2d 1, 13 [1980]; *People v Hasty,* 25 AD3d 740, 741 [2006]). The defendant was advised of and knowingly and intelligently waived his *Miranda* rights (*see Miranda v Arizona,* 384 US 436 [1966]; *People v Miles,* 276 AD2d 566 [2000]). There was no credible evidence that the detectives threatened or coerced the defendant, or that the po-

lice unlawfully isolated him from any supportive adults attempting to see him (see *People v Salaam,* 83 NY2d 51, 55 [1993]; *People v Knudsen,* 34 AD3d 496 [2006]; *People v Chung,* 287 AD2d 575, 576 [2001]).

The defendant's contention that the evidence was legally insufficient to prove his guilt is without merit. Viewing the evidence in the light most favorable to the prosecution, we find that it was legally sufficient to establish the elements of criminal possession of a weapon in the second degree beyond a reasonable doubt on both counts (see Penal Law § 265.03 [2]; *People v Contes,* 60 NY2d 620, 621 [1983]; *People v Johnson,* 30 AD3d 439 [2006]; *People v Bailey,* 19 AD3d 431, 432 [2005]).

Because the judgment of conviction was based on legally sufficient evidence, the defendant's challenges to the instructions given to the grand jury are not reviewable on appeal (see *People v Goodwine,* 46 AD3d 702 [2007]; *People v Scoon,* 303 AD2d 525 [2003]).

Contrary to the defendant's contention, the trial court's instructions to the jury during voir dire were not improper. The entirety of the jury charge, both at voir dire and before deliberations, adequately conveyed the People's burden to prove the defendant's guilt beyond a reasonable doubt, and that the jury would be the factfinder (see *People v Sanchez,* 29 AD3d 608 [2006]; *People v Brown,* 220 AD2d 250, 250-251 [1995]).

The defendant's contentions regarding the jury charge before deliberations are unpreserved for appellate review, as he failed to raise them before the trial court (see *People v Caldarola,* 45 AD3d 600 [2007]; *People v Johnson,* 30 AD3d 439 [2006]). In any event, these contentions are without merit (see *People v Perez,* 2 AD3d 882 [2003]).

The defendant's contention that the prosecutor's failure to provide defense counsel with the medical examiner's autopsy notes constituted misconduct is unpreserved for appellate review, as the defendant failed to raise this contention before the trial court. In any event, this contention is without merit. With respect to the defendant's contention that certain remarks made by the prosecutor during summation were improper, the challenged remarks were fair comment on the evidence, responsive to arguments raised by the defense, and remained within the broad bounds of permissible rhetorical comment (see *People v Dorgan,* 42 AD3d 505 [2007], *lv denied* 9 NY3d 1032 [2008]; *People v Williams,* 37 AD3d 626, 627 [2007]).

The defendant's claim of ineffective assistance of counsel is without merit. Taking into consideration the totality of the evidence, the law, and the circumstances of the case, the record

554

shows that defense counsel provided meaningful representation (*see People v Benevento,* 91 NY2d 708, 712 [1998]; *People v Jordan,* 44 AD3d 875, 876 [2007], *lv denied* 9 NY3d 1035 [2008]). Mere losing tactics do not constitute ineffective assistance of counsel (*see People v Finley,* 27 AD3d 763 [2006]; *People v Gomez,* 18 AD3d 478 [2005]).

The defendant's sentence, which was within statutory parameters (*see* Penal Law §§ 70.00, 265.03), was not excessive. The court did not err in imposing consecutive sentences, as the acts underlying each count of criminal possession of a weapon in the second degree were separate and distinct (*cf. People v Dean,* 8 NY3d 929, 930-931 [2007]; *People v Jones,* 41 AD3d 507 [2007]).

The defendant's remaining contentions are without merit. Rivera, J.P., Lifson, Angiolillo and Balkin, JJ., concur.