Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered June 14, 2007, convicting him of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree (two counts), criminal possession of a controlled substance in the fourth degree, escape in the second degree, and resisting arrest, upon a jury verdict, and imposing a sentence of a determinate term of eight years imprisonment on the conviction of criminal possession of a weapon in the second degree, an indeterminate term of 2 to 4 years imprisonment on each count of criminal possession of a weapon in the third degree, to run concurrently, a determinate term of four years imprisonment on the conviction of criminal possession of a controlled substance in the fourth degree to run consecutively to the previous sentence, an indeterminate term of IV2 to 3 years imprisonment on the conviction of escape in the second degree, and one day of imprisonment for resisting arrest, these last two sentences to run consecutively to the other sentences, and five years post-release supervision on the convictions of criminal possession of a weapon and three years postrelease supervision on the conviction of criminal possession of a controlled substance, to run consecutively.
*1104 Ordered that the judgment is modified, on the law, by providing that the period of postrelease supervision imposed on the convictions of criminal possession of a weapon and the period of postrelease supervision for the crime of criminal possession of a controlled substance shall run concurrently with each rather than consecutively to each other; as so modified, the judgment is affirmed.
Contrary to the defendant’s contention, the Supreme Court properly allowed the prosecutor to elicit testimony relating to the defendant’s arrest during a police investigation into stolen vehicles, regardless of the fact that the defendant was not charged in relation thereto. This testimony served to complete the narrative of events surrounding the defendant’s arrest, and the trial court properly instructed the jury as to the purpose of this testimony (see People v Tosca, 98 NY2d 660, 661 [2002]; People v Garson, 69 AD3d 650 [2010]; People v Jenkins, 49 AD3d 780 [2008]; People v Monzon, 289 AD2d 595 [2001]; cf. People v Resek, 3 NY3d 385 [2004]; People v Wilkinson, 71 AD3d 249 [2010]).
The legal sufficiency of evidence is established if, “after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt” (People v Contes, 60 NY2d 620, 621 [1983] [internal quotation marks omitted]). The evidence was sufficient to establish that the defendant knowingly and intentionally possessed a weapon to establish the conviction of criminal possession of a weapon in the second degree (see People v Francis, 49 AD3d 552 [2008]), and that he knowingly possessed a defaced weapon to establish the conviction of criminal possession of a weapon in the third degree (see People v Davis, 9 AD3d 468 [2004]). The evidence was sufficient to establish that the defendant committed the crime of criminal possession of a controlled substance in the fourth degree (see People v Evans, 37 AD3d 847 [2007]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt as to those crimes was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The defendant received meaningful representation notwithstanding defense counsel’s failure to obtain an independent expert to refute testimony regarding the weight of the controlled substance (see People v Daniels, 35 AD3d 495 [2006]).
The fact that a defendant rejected a plea agreement that would have resulted in a lesser sentence than he ultimately received is neither an indication that the sentence imposed following trial was excessive (see People v Suitte, 90 AD2d 80 *1105 [1982]), nor that the defendant was punished for going to trial (People v Delgado, 80 NY2d 780, 781 [1992]; see People v Evans, 16 AD3d 595 [2005]; People v Hinton, 285 AD2d 476 [2001]). The sentence imposed was well within the statutory guidelines and was neither harsh nor excessive (see People v Francis, 49 AD3d 552 [2008]; People v Elhadi, 304 AD2d 982 [2003]).
However, the periods of postrelease supervision imposed should run concurrently (see Penal Law § 70.45 [5] [c]). Mastro, J.P., Skelos, Roman and Sgroi, JJ., concur.