# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

343
KA 11-02364
PRESENT: SCUDDER, P.J., SMITH, CARNI, SCONIERS, AND WHALEN, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DENYS ALMEIDA, DEFENDANT-APPELLANT.

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered November 3, 2011. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of murder in the second degree (Penal Law § 125.25 [1]). We reject defendant's contention that the People's failure to introduce the exculpatory portions of defendant's statement to the police and to charge the grand jury with the defense of justification rendered the grand jury proceedings defective. The People have broad discretion in presenting their case to the grand jury and were not required to present all of their evidence tending to exculpate defendant (*see People v Mitchell*, 82 NY2d 509, 515). With respect to the defense of justification, we conclude that the evidence before the grand jury was not sufficient to require the People to charge that defense (*see id.* at 514-515).

We reject defendant's further contention that County Court erred in failing to grant his request to instruct the trial jury on the defense of extreme emotional disturbance. Defendant did not offer any psychiatric testimony or any other proof that he suffered from a mental infirmity, not rising to the level of insanity, at the time of the incident. Thus, there was an insufficient offer of proof by defendant in support of a defense of extreme emotional disturbance (*see People v Smith*, 1 NY3d 610, 612).

Defendant's contention that the court erred when it limited the cross-examination of a witness regarding her prior bad conduct toward defendant is without merit. The court has broad discretion to keep

proceedings within manageable limits and to curtail exploration of collateral matters (*see People v Hudy*, 73 NY2d 40, 56) and, here, we conclude that the court properly exercised its discretion.

Defendant also contends that comments made by the prosecutor during summation and the court's admission in evidence of the recording of a 911 call denied him a fair trial. We reject that contention. Initially, we note that all but one of the alleged instances of prosecutorial misconduct during summation were not preserved for this Court's review (*see* CPL 470.05 [2]; *People v Smith*, 32 AD3d 1291, 1292, *lv denied* 8 NY3d 849), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Even assuming, arguendo, that the remaining alleged instance of prosecutorial misconduct was improper, we conclude that it did not cause such substantial prejudice to defendant that he was denied due process of law (*see People v Santiago*, 289 AD2d 1070, 1071, *lv denied* 97 NY2d 761). We further conclude that the admission in evidence of the recording of the 911 call was harmless error because "the 'proof of [defendant's] guilt was overwhelming . . . and . . . there was no significant probability that the jury would have acquitted [him] had the proscribed evidence not been introduced' " (*People v Spencer*, 96 AD3d 1552, 1553, *lv denied* 19 NY3d 1029, *reconsideration denied* 20 NY3d 989, quoting *People v Kello*, 96 NY2d 740, 744; *see generally People v Crimmins*, 36 NY2d 230, 241-242).

Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's further contention that the jury failed to give the evidence the weight it should be accorded when it determined that he intended to cause the victim's death, and when it rejected his defense of justification (*see People v Morgan*, 207 AD2d 501, 501-502, *affd* 87 NY2d 878; *People v Fernandez*, 304 AD2d 504, 504-505, *lv denied* 100 NY2d 620; *see generally People v Bleakley*, 69 NY2d 490, 495). There was testimony that the victim sustained 33 stab wounds, several of which were in the chest and back. " '[D]efendant's homicidal intent could be inferred from evidence that defendant plunged a knife deep into the victim's chest [multiple times], in the direction and close vicinity of vital organs' " (*People v Massey*, 61 AD3d 1433, 1434, *lv denied* 13 NY3d 746; *see People v Elston*, 118 AD3d 538, 539, *lv denied* 24 NY3d 960; *People v Fils-Amie*, 291 AD2d 358, 358-359, *lv denied* 98 NY2d 650). Furthermore, even if it was unclear who grabbed the knife first, "[d]efendant ended up with the knife and inflicted severe injuries on the [victim], while defendant remained virtually uninjured" with cuts to hands and fingers only (*Fernandez*, 304 AD2d at 505). There was also evidence that the victim attempted to escape from defendant, but that defendant followed him and continued to stab him. Thus, the jury's rejection of the justification defense was not contrary to the weight of the evidence (*see id.* at 504-505; *see also Morgan*, 207 AD2d at 501-502). Finally, we reject defendant's

contention that his sentence is unduly harsh and severe.