People v Moses (2021 NY Slip Op 04846)





People v Moses


2021 NY Slip Op 04846


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND BANNISTER, JJ.


558 KA 19-01416

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANTHONY MOSES, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (J. SCOTT PORTER OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (Gordon J. Cuffy, A.J.), rendered May 3, 2019. The judgment convicted defendant upon a jury verdict of assault in the first degree and criminal possession of a weapon in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him after a jury trial of assault in the first degree (Penal Law § 120.10 [1]) and criminal possession of a weapon in the third degree (§ 265.02 [1]). We affirm.
Initially, defendant contends that, during deliberations, Supreme Court failed to provide a meaningful response to a note from the jury with respect to the justification defense. Under the circumstances here, we conclude that the court did not abuse its discretion in the manner in which it responded to the jury note (see People v Santi, 3 NY3d 234, 248-249 [2004]; People v Malloy, 55 NY2d 296, 302-304 [1982], cert denied 459 US 847 [1982]; People v Abdul-Jaleel, 142 AD3d 1296, 1298 [4th Dept 2016], lv denied 29 NY3d 946 [2017]; People v Mobley, 118 AD3d 1339, 1340 [4th Dept 2014], lv denied 24 NY3d 1121 [2015]).
We also reject defendant's contention that the People impaired the integrity of the grand jury proceedings by failing to charge the grand jury with the defense of justification, failing to present exculpatory evidence, and allowing the victim to provide false testimony. Concerning the failure to instruct the grand jury with respect to justification, we note that "[t]here is no requirement that the [g]rand [j]ury must be charged with every potential defense suggested in evidence," and the People are required to charge "only those defenses that the evidence will reasonably support" (People v Angona, 119 AD3d 1406, 1407 [4th Dept 2014], lv denied 25 NY3d 987 [2015] [internal quotation marks omitted]). Here, we conclude the testimony before the grand jury did not support the theory that defendant was legally justified in stabbing the victim—i.e., there was insufficient evidence before the grand jury that the victim was committing or attempting to commit a burglary at the time of the stabbing (see Penal Law § 35.20 [3]; People v Mitchell, 82 NY2d 509, 514-515 [1993]; People v Almeida, 128 AD3d 1451, 1451 [4th Dept 2015], lv denied 26 NY3d 1006 [2015]).
We also reject the contention that the People failed to provide the grand jury with certain exculpatory evidence. "[T]he People maintain broad discretion in presenting their case to the grand jury and need not seek evidence favorable to the defendant or present all of their evidence tending to exculpate the accused" (Mitchell, 82 NY2d at 515). Thus, the People were not obligated to provide the grand jury with the exculpatory portions of defendant's statements to the police, especially because they did not provide the grand jury with any inculpatory portions of those statements—indeed, they provided the grand jury with no portion of those statements (see [*2]People v Morel, 131 AD3d 855, 859-860 [4th Dept 2015], lv denied 26 NY3d 1147 [2016]; Almeida, 128 AD3d at 1451; People v Falcon, 204 AD2d 181, 181-182 [1st Dept 1994], lv denied 84 NY2d 825 [1994]). We further reject the contention that the People presented false testimony by the victim to the grand jury. The testimony in question, which pertained to the injuries that the victim sustained during the stabbing, was corroborated by the 185-page certified medical record also submitted by the People to the grand jury.
Defendant's contention that the evidence is legally insufficient to support the conviction of assault in the first degree with respect to the elements of intent and serious physical injury is unpreserved because defendant did not specifically raise those issues in his motion for a trial order of dismissal (see People v Gray, 86 NY2d 10, 19 [1995]; People v Snyder, 100 AD3d 1367, 1367-1368 [4th Dept 2012], lv denied 21 NY3d 1010 [2013]). He did preserve, however, his sufficiency contention with respect to the defense of justification by raising it in his motion for a trial order of dismissal, which he renewed at the close of his own case (see People v Hines, 97 NY2d 56, 61-62 [2001], rearg denied 97 NY2d 678 [2001]). Nevertheless, that contention is without merit because, viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), the victim's testimony that he had not attacked defendant or entered his room provided a valid line of reasoning and permissible inferences from which a rational jury could conclude that defendant was not justified to use deadly force to prevent or terminate a burglary (see Penal Law § 35.15; People v Lermineau, 224 AD2d 985, 985 [4th Dept 1996], lv denied 88 NY2d 850 [1996]; see generally People v Danielson, 9 NY3d 342, 349 [2007]).
We further conclude that, viewing the evidence in light of the elements of the crime as charged to the jury (see Danielson, 9 NY3d at 349), the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Even assuming, arguendo, that a different verdict would not have been unreasonable, we conclude the jury did not fail to give the evidence the weight it should be accorded (see id.). "Where, as here, witness credibility is of paramount importance to the determination of guilt or innocence, we must give great deference to the jury, given its opportunity to view the witnesses and observe their demeanor" (People v Streeter, 118 AD3d 1287, 1288 [4th Dept 2014], lv denied 23 NY3d 1068 [2014], reconsideration denied 24 NY3d 1047 [2014] [internal quotation marks omitted]). "The jury was entitled to credit the testimony of the People's witnesses . . . over the testimony of defendant's witnesses, including that of defendant [himself]," and we perceive no reason to disturb those credibility determinations (People v Tetro, 175 AD3d 1784, 1788 [4th Dept 2019]).
Defendant contends that the prosecutor's remarks during summation about the blood evidence were improper because they were not supported by expert testimony. We reject that contention because the prosecutor's remarks constituted "fair comment" on the evidence at trial, and any impropriety was not "so egregious as to deprive defendant of a fair trial" (People v Santiago, 101 AD3d 1715, 1716, 1717 [4th Dept 2012], lv denied 21 NY3d 946 [2013] [internal quotation marks omitted]). Moreover, an expert witness is not necessary to opine on the blood evidence, where, as here, it was within the ken of a typical juror to make a determination and reasonable inferences with respect to the source and location of the blood found at the crime scene (see People v Mortillaro, 143 AD2d 148, 149-150 [2d Dept 1988], lv denied 73 NY2d 788 [1988]; see generally Santi, 3 NY3d at 246-247).
Additionally, we conclude that the court properly precluded defense counsel from eliciting defendant's alleged exculpatory statements during the testimony of a police officer because the statements were "self-serving" and "constituted inadmissible hearsay" (People v Hill, 281 AD2d 917, 918 [4th Dept 2001], lv denied 96 NY2d 902 [2001]; see People v Weston, 249 AD2d 496, 496 [2d Dept 1998], lv denied 92 NY2d 931 [1998]).
Defendant failed to preserve for our review his contention that the court, "in determining the sentence to be imposed, penalized [him] for exercising [his] right to a . . . trial" (People v Garner, 136 AD3d 1374, 1374 [4th Dept 2016], lv denied 27 NY3d 997 [2016]; see People v Coapman, 90 AD3d 1681, 1683-1684 [4th Dept 2011], lv denied 18 NY3d 956 [2012]). In any event, that contention is without merit. "[T]he mere fact that a sentence imposed after trial is greater than that offered in connection with plea negotiations is not proof that defendant was punished for asserting [his] right to trial," and there is no indication in the record before us that the court acted in a vindictive manner based on defendant's exercise of the right to a trial (Garner, 136 AD3d at 1374 [internal quotation marks omitted]).
Finally, the sentence is not unduly harsh or severe.
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court