People v Mancuso (2024 NY Slip Op 01408)

People v Mancuso

2024 NY Slip Op 01408

Decided on March 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, BANNISTER, OGDEN, AND GREENWOOD, JJ.

93 KA 23-00479

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
STEVEN P. MANCUSO, DEFENDANT-APPELLANT. 

CAMBARERI & BRENNECK, PLLC, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (DAWN CATERA LUPI OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered February 1, 2023. The judgment convicted defendant upon a jury verdict of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and criminal possession of a weapon in the third degree (§ 265.02 [1]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Contrary to defendant's further contention, the integrity of the grand jury proceeding was not impaired by the prosecutor's failure to instruct the grand jurors on the defense of temporary innocent possession of a weapon. "[T]here is no requirement that the [g]rand [j]ury must be charged with every potential defense suggested [in] evidence," but, rather, the People are required to charge "only those defenses that the evidence will reasonably support" (People v Moses, 197 AD3d 951, 952 [4th Dept 2021], lv denied 37 NY3d 1097 [2021], reconsideration denied 37 NY3d 1163 [2022] [internal quotation marks omitted]; see People v Angona, 119 AD3d 1406, 1407 [4th Dept 2014], lv denied 25 NY3d 987 [2015]). Here, we conclude that an instruction regarding the defense of temporary and innocent possession of a weapon was not warranted inasmuch as there was insufficient evidence before the grand jury to support such a defense (see Moses, 197 AD3d at 952; cf. People v Graham, 148 AD3d 1517, 1518-1519 [4th Dept 2017]). Defendant's further contention that the prosecutor failed to provide the grand jury with certain exculpatory evidence is not preserved for our review inasmuch as defendant failed to move to dismiss the indictment on that ground (see generally People v Griggs, 117 AD3d 1523, 1523 [4th Dept 2014], affd 27 NY3d 602 [2016], rearg denied 28 NY3d 957 [2016]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
We reject defendant's contention that he was subjected to custodial interrogation by police investigators who did not provide Miranda warnings when defendant was questioned in the bathroom of his residence and that County Court therefore erred in refusing to suppress the statements made by defendant at that time. It is well settled that "both the elements of police 'custody' and police 'interrogation' must be present before law enforcement officials constitutionally are obligated to provide the procedural safeguards imposed upon them by Miranda" (People v Huffman, 41 NY2d 29, 33 [1976]; see People v Anthony, 85 AD3d 1634, 1635 [4th Dept 2011], lv denied 17 NY3d 813 [2011]). "In determining whether a defendant was in custody for Miranda purposes, '[t]he test is not what the defendant thought, but rather what a [*2]reasonable [person], innocent of any crime, would have thought had [that person] been in the defendant's
position' " (People v Kelley, 91 AD3d 1318, 1318 [4th Dept 2012], lv denied 19 NY3d 963 [2012]; see People v Thomas, 166 AD3d 1499, 1500 [4th Dept 2018], lv denied 32 NY3d 1178 [2019]). Under the circumstances presented here, we conclude that "a reasonable person, innocent of any crime, would not have believed that [they were] in police custody but, rather, would have believed that [they were] being interviewed as a witness [to a fatal event]" (People v Debo, 45 AD3d 1349, 1350 [4th Dept 2007], lv denied 10 NY3d 809 [2008]). Specifically, the evidence establishes, inter alia, that defendant insisted on remaining in the bathroom when officers spoke with defendant. The recording from the police officer's body camera belies defendant's contention that he was "corralled" in the room by the officer. While the police officers testified that defendant was not free to leave, a police officer's subjective belief "has no bearing on the question whether a suspect was in custody at a particular time
. . . [and] the subjective intent of the officer . . . is irrelevant where, as here, there is no evidence that such subjective intent was communicated to the defendant" (Thomas, 166 AD3d at 1500 [internal quotation marks omitted]). Thus, we conclude that "the evidence at the [suppression] hearing establishes that defendant was not in custody when he made the statements, and thus Miranda warnings were not required" (People v Bell-Scott, 162 AD3d 1558, 1559 [4th Dept 2018], lv denied 32 NY3d 1169 [2019]).
Contrary to the further contention of defendant, we conclude that the court did not err in refusing to suppress the statements that he made to the police at the police station. The record of the suppression hearing supports the court's determination that there was a sufficiently pronounced break between the custodial questioning of defendant by police in the living room of defendant's residence in violation of his Miranda rights and his subsequent questioning by police at the police station (see People v Paulman, 5 NY3d 122, 130-132 [2005]; People v Blair, 121 AD3d 1570, 1571 [4th Dept 2014]).
We further reject defendant's contention that all of his statements to the police should have been suppressed because, given his intoxication from drugs coupled with his impaired mental state, he was incapable of making voluntary statements. The record of the suppression hearing, including the recording from the police officer's body camera, establishes that defendant was not so impaired by drugs and his cognitive ability was not so impaired to such a degree that he was incapable of making voluntary statements (see People v Carbonaro, 134 AD3d 1543, 1548 [4th Dept 2015], lv denied 27 NY3d 994 [2016], reconsideration denied 27 NY3d 1149 [2016]).
We further reject defendant's contention that Penal Law § 265.03 is unconstitutional in light of New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]). The decision in Bruen "had no impact on the constitutionality of New York State's criminal possession of a weapon statutes" (People v Joyce, 219 AD3d 627, 628 [2d Dept 2023], lv denied 40 NY3d 1013 [2023]; see People v Cabrera, — NY3d &mdash, &mdash, 2023 NY Slip Op 05968, *7 [2023]; People v Williams, 78 Misc 3d 1205[A], 2023 NY Slip Op 50158[U], *2-4 [Sup Ct, Erie County 2023]).
The sentence is not unduly harsh or severe. We have considered defendant's remaining contentions and we conclude that none warrants reversal or modification of the judgment.
Entered: March 15, 2024
Ann Dillon Flynn
Clerk of the Court