People v Flanigan (2025 NY Slip Op 05850)

People v Flanigan

2025 NY Slip Op 05850

Decided on October 23, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 23, 2025

113509
[*1]The People of the State of New York, Respondent,
v
Razeah S. Flanigan, Appellant.

Calendar Date:September 2, 2025

Before:Garry, P.J., Pritzker, McShan, Powers and Mackey, JJ.

Jerome Mayersak, Ithaca, for appellant.
Matthew Van Houten, District Attorney, Ithaca (Andrew J. Bonavia of counsel), for respondent.

Pritzker, J.
Appeal from a judgment of the County Court of Tompkins County (Scott Miller, J.), rendered November 10, 2020, upon a verdict convicting defendant of the crimes of assault in the second degree and reckless endangerment in the second degree.
On August 12, 2019, defendant was involved in an altercation with the victim and two other people on Seneca Street in the City of Ithaca, Tompkins County. The altercation ended when defendant fired a shot from a flare gun at the victim, injuring the victim's left arm. Later that month, defendant was charged by indictment with two counts of assault in the first degree (counts 1 and 2), reckless endangerment in the first degree (count 3) and criminal possession of a weapon in the second degree (count 4).[FN1] Following a jury trial at which defendant pursued a justification defense, he was acquitted of all four original counts but found guilty of a lesser included offense of count 2 — assault in the second degree — and a lesser included offense of count 3 — reckless endangerment in the second degree. Defendant was sentenced to a split sentence consisting of 90 days in jail and five years of probation on the conviction for count 2 and to a one-year conditional discharge on the conviction for count 3. Defendant appeals.
We turn first to defendant's contention that the verdict as to count 2, assault in the second degree, is against the weight of the evidence given that the People did not establish that the victim suffered a serious physical injury.[FN2] "When undertaking a weight of the evidence review, this Court must first determine whether, based on all the credible evidence, a different finding would not have been unreasonable and, if not, then it must weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony to determine if the verdict is supported by the weight of the evidence" (People v Moore, 223 AD3d 1085, 1086-1087 [3d Dept 2024] [internal quotation marks, brackets and citations omitted], lv denied 41 NY3d 1003 [2024]). As charged to the jury, "[a] person is guilty of assault in the second degree when . . . [h]e [or she] recklessly causes serious physical injury to another person by means of a deadly weapon or a dangerous instrument" (Penal Law § 120.05 [4]). "Serious physical injury" is defined as a "physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ" (Penal Law § 10.00 [10]).
As to the victim's injury, he testified that his arm was hit with a projectile from a flare gun fired by defendant and that it set his arm on fire. The victim testified that he sought medical attention, went to the hospital for his arm and was ultimately transferred to a burn unit, where he stayed for two days. The People admitted photographs depicting the wound when the victim was [*2]released from the hospital. The victim explained that it took a month and a half for the wound to close. At the time of trial, the victim testified that his arm still hurts, he cannot bend it for very long, sleep on his left side or do heavy lifting and that he experiences a burning sensation when his arm is touched. The victim also showed the scar to the jury. Medical records admitted into evidence establish that the wound, a burn on the victim's left arm, was eight inches long and one inch wide. The medical records state that an X-ray "showed air in the soft tissue but no bony injury." The wound was washed with saline and dressed, and the victim was admitted to the hospital for observation overnight. At the time of the victim's hospital discharge, he could do "activity as tolerated" and was prescribed a seven-day course of antibiotics. The victim's fiancÉe testified that since the injury, the victim's daily activities have been affected because he has nerve damage, is unable to lift things and cannot put too much strain on his arm. Specifically, she testified that, among other things, he cannot pick up his children. She also explained that prior to the incident the victim was a maintenance worker, but after the incident he had to go on disability, and, at the time of trial, he was working at Speedway, but the job is hard for the victim because he has to mop and do physical labor.
Based on the foregoing, although a different verdict would not have been unreasonable, in "viewing the evidence in a neutral light and deferring to the jury's credibility assessments, . . . the verdict is not against the weight of the evidence" (People v Fisher, 221 AD3d 1355, 1359 [3d Dept 2023], lv denied 40 NY3d 1092 [2024]). The evidence at trial supports the finding that the victim suffered a serious physical injury, specifically serious disfigurement based on the evidence in the People's exhibit 38, a photograph of the injury taken before trial. The evidence also supports that he suffered a protracted impairment given the testimony that, approximately six months after the incident, the victim still suffered from pain and was unable to, among other things, lift his children and engage in physical labor without pain (see People v Gill, 168 AD3d 1140, 1142 [3d Dept 2019]; People v Rice, 90 AD3d 1237, 1238 [3d Dept 2011], lv denied 18 NY3d 961 [2012]; see also People v Wright, 221 AD2d 577, 578 [2d Dept 1995], lv denied 87 NY2d 978 [1996]; compare People v Gray, 30 AD3d 771, 772-773 [3d Dept 2006], lv denied 7 NY3d 848 [2006]).
Defendant also challenges County Court's submission of assault in the second degree (see Penal Law § 120.05 [4]) as a lesser included offense of count 2, assault in the first degree (see Penal Law § 120.10 [3]). At the outset, to the extent that this issue was properly preserved by defendant's objection at trial, we do agree, and the People concede, that it was error for the court to charge assault in the second degree by means of a deadly weapon [*3]as a lesser included offense of count 2, assault in the first degree by recklessly engaging in conduct which creates a grave risk of death to another person, because it is possible for assault in the first degree to be committed while not committing assault in the second degree as the latter requires the use of a deadly weapon or dangerous instrument but the former does not (see Penal Law §§ 120.10 [3]; 120.05 [4]; People v Glover, 57 NY2d 61, 64-65 [1982]; People v Odu, 211 AD3d 1340, 1343 [3d Dept 2022]). However, on these facts, we find that assault in the second degree by means of a deadly weapon is a lesser included offense of count 1 of the indictment, charging assault in the first degree by means of a deadly weapon (see Penal Law § 120.10 [1]; People v Green, 56 NY2d 427, 435 [1982]; People v Kurkowski, 83 AD3d 1595, 1596 [4th Dept 2011], lv denied 16 NY3d 896 [2011]; People v Lermineau, 224 AD2d 985, 985-986 [4th Dept 1996], lv denied 88 NY2d 850 [1996]), thus the error is harmless (see People v Hendrie, 24 AD3d 871, 874 [3d Dept 2005], lv denied 6 NY3d 776 [2006]; People v Doyle, 3 AD3d 126, 128-129 [1st Dept 2004], lv denied 2 NY3d 739 [2004]).
We do, however, modify the judgment of conviction given that, as the parties agree, the lesser included offense of reckless endangerment in the second degree under count 3 is also a lesser included offense of assault in the second degree, the other crime for which defendant was convicted (see Penal Law §§ 120.05 [4]; 120.20; People v Glover, 57 NY2d at 63). Thus, inasmuch as "[a] verdict of guilty upon the greatest count submitted is deemed a dismissal of every lesser count submitted" (CPL 300.40 [3] [b]; see People v Contompasis, 236 AD3d 138, 144 n 6 [3d Dept 2025], lv denied 43 NY3d 1007 [2025]), we modify the judgment by dismissing the conviction of reckless endangerment in the second degree.
Garry, P.J., McShan, Powers and Mackey, JJ., concur.
ORDERED that the judgment is modified, on the law, by reversing defendant's conviction on count 3 of the indictment; said count dismissed; and, as so modified, affirmed.

Footnotes

Footnote 1: The indictment reflects count 3 as criminal possession of a weapon and count 4 as reckless endangerment in the first degree, however at trial, County Court switched the order of those counts, submitting to the jury count 3 as the reckless endangerment charge and count 4 as the criminal possession of a weapon charge to "avoid jury confusion." For ease of reading, throughout this decision the counts will be referred to as they were submitted to the jury.
Footnote 2: Although defendant also argues that the verdict as to count 2 is not supported by legally sufficient evidence, he concedes that he did not preserve this issue as he only made a general objection at the close of the People's case (see People v Baber, 182 AD3d 794, 795 [3d Dept 2020], lv denied 35 NY3d 1064 [2020]). "Nevertheless, in the course of reviewing defendant's weight of the evidence challenge, this Court necessarily evaluates whether all elements of the charged crimes were proven beyond a reasonable doubt" (People v Osman, 228 AD3d 1007, 1008 [3d Dept 2024] [internal quotation marks and citations omitted]).