■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY PEREZ, Appellant. [769 NYS2d 740]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hollie, J.), rendered September 5, 2001, convicting him of falsifying business records in the first degree, falsifying business records in the second degree (two counts), and official misconduct, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Bynum,* 70 NY2d 858 [1987]; *People v Fryar,* 276 AD2d 641 [2000]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Further, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

Moreover, contrary to the defendant's assertion, the trial court's direction to court personnel to tell the jury "No," in response to its request for a written version of the charges was ministerial in nature and did not require the presence of the defendant (*see People v Dickens,* 259 AD2d 450 [1999]; *People v Buxton,* 192 AD2d 289 [1993]; *People v Bonaparte,* 78 NY2d 26 [1991]).

The defendant's contention that the trial court's charge was inadequate is unpreserved for appellate review (*see People v Gurganious,* 214 AD2d 681 [1995]), and in any event, is without merit, since the charge was a correct statement of the law and there was no basis for concluding that the jury was unable to follow the trial court's instructions (*see People v Coleman,* 70 NY2d 817, 819 [1987]; *People v Andujas,* 79 NY2d 113, 118 [1992]).

The defendant's remaining contentions either are unpreserved for appellate review or are without merit. Smith, J.P., Luciano, H. Miller and Townes, JJ., concur.