■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT JONSON, True Name ALBERT JOHNSON, Appellant. [811 NYS2d 366]—

Judgment, Supreme Court, New York County (Charles J. Tejada, J.), rendered January 6, 2004, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him, as a persistent violent felony offender, to a term of 20 years to life, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility (*see People v Gaimari*, 176 NY 84, 94 [1903]). The evidence supported the conclusions that defendant picked the victim's pocket, that when confronted by the victim he used force to retain the victim's property which was in his possession, and that the object he used against the victim was a dangerous instrument.

There was no improper delegation of judicial authority, or violation of defendant's right to be present, when the court, with defense counsel's consent, directed a clerk to respond to the jury's inquiry by advising the jurors that they could neither see a copy of the court's charge nor take notes. This constituted a ministerial act, not a judicial function (*see People v Bonaparte*, 78 NY2d 26 [1991]; *People v Perez*, 2 AD3d 882 [2003], *lv denied* 2 NY3d 744 [2004]; *People v Roldan*, 173 AD2d 233 [1991], *lv denied* 78 NY2d 926 [1991]).

The court's comments during jury selection on the subject of circumstantial evidence did not deprive defendant of a fair trial.

The issue arose when the prosecutor offered a hypothetical example of circumstantial evidence during voir dire. In connection with ascertaining the prospective jurors' ability to follow the court's instructions (*see People v Thomas*, 298 AD2d 187, 188 [2002], *lv denied* 99 NY2d 585 [2003]), the court, in essence, cautioned the jurors against arbitrarily rejecting a reasonable circumstantial inference merely because they might be able to imagine a fanciful alternate hypothesis. The court did not suggest to the jury that it had an opinion on the merits of the case, or interfere with the jury's ability to evaluate circumstantial evidence.

Defendant's constitutional challenge to the procedure under which he was sentenced as a persistent violent felony offender is unpreserved for appellate review and, in any event, is without merit (*see People v Rosen*, 96 NY2d 329 [2001], *cert denied* 534 US 899 [2001]). Defendant's mandatory sentence was based on his prior convictions (*see Almendarez-Torres v United States*, 523 US 224 [1998]).

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Buckley, P.J., Friedman, Marlow, Sullivan and Malone, JJ.