(October 6, 2011)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY WILLIAMS, Appellant. [930 NYS2d 184]—

The court properly denied defendant's request for an agency charge. No reasonable view of the evidence, viewed most favorably to defendant, suggests that he participated in the drug sale, but nevertheless did so only because he wished to do a favor for the undercover buyer, who was a stranger. On the contrary, defendant's behavior toward the undercover buyer and other prospective drug purchasers was clearly that of a steerer (*see e.g. People v Smith*, 52 AD3d 232 [2008], *lv denied* 11 NY3d 741 [2008]). The court's charge on accessorial liability (*see* Penal Law § 20.00) provided sufficient guidance to the jury regarding the issue of whether defendant was intentionally aiding the person who actually sold the drugs (*see People v Herring*, 83 NY2d 780, 783 [1994]), and there was no need for an additional instruction on the agency defense.

Defendant did not provide a record sufficient to permit review of his claim that the court failed to disclose the contents of a jury note to defense counsel. The record, including the recorded colloquy on a similar note received a short time later, warrants an inference that in an unrecorded conversation, defense counsel was apprised of the contents of the note in question (*see e.g. People v Fishon*, 47 AD3d 591 [2008], *lv denied* 10 NY3d 958 [2008]; *compare People v Tabb*, 13 NY3d 852 [2009]). Accordingly, the court fulfilled its core responsibilities under *People v O'Rama* (78 NY2d 270, 277 [1991]), and there was no mode of proceedings error.

The court lawfully directed a court officer to perform the ministerial act of informing the jury that the court would not provide written instructions (*see People v Jonson*, 27 AD3d 289 [2006], *lv denied* 6 NY3d 895 [2006]). Concur—Tom, J.P., Saxe, DeGrasse, Freedman and Román, JJ.