■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BOBBY WALLACE, Appellant. [978 NYS2d 145]—

The court properly denied defendant's challenge for cause to a prospective juror. The mere making of a challenge for cause, which asserted other grounds, did not preserve defendant's specific claim that the panelist's experience as a crime victim may have affected her impartiality (*see e.g. People v Deschamps*, 256 AD2d 13 [1st Dept 1998], *lv denied* 93 NY2d 923 [1999]), and we decline to review it in the interest of justice. As an alternative holding, we find that when the panelist's responses are viewed as a whole, they provide the requisite assurance of

impartiality, which was sufficient to cover any concern about the effect of her background as a crime victim (*see People v Shulman*, 6 NY3d 1, 27 [2005]).

Defendant's dismissal motion based on the general ground of legal insufficiency did not preserve his present arguments in that regard (*see People v Gray*, 86 NY2d 10, 19 [1995]), and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits. We also find that the verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. In light of the unsolicited and inflammatory comments made by defendant before and after the assault, the evidence supports the inference that defendant intentionally committed the specified offense of second-degree assault at least *"in substantial part* because of a belief or perception regarding the race, color, national origin, [or] ancestry" of the victim (Penal Law § 485.05 [1] [b] [emphasis added]).

The court properly denied defendant's suppression motion. Under the circumstances, the police were not required to provide *Miranda* warnings prior to making investigatory inquiries of defendant as they arrived at the scene of the incident. A reasonable innocent person in defendant's position would not have thought he was in custody (*see Stansbury v California*, 511 US 318, 325 [1994]; *People v Yukl*, 25 NY2d 585 [1969], *cert denied* 400 US 851 [1970]; *People v Dillhunt*, 41 AD3d 216, 217 [2007], *lv denied* 10 NY3d 764 [2008]). In any event, to the extent there was an investigatory stop, it did not require *Miranda* warnings (*see Berkemer v McCarty*, 468 US 420, 439-440 [1984]; *People v Bennett*, 70 NY2d 891 [1987]). Furthermore, there was no interrogation requiring warnings because the officer's inquiries were made to clarify the situation (*see People v Johnson*, 59 NY2d 1014 [1983]), or were permissible efforts to locate a weapon in the interest of public safety (*see People v Johnson*, 46 AD3d 276, 277 [1st Dept 2007], *lv denied* 10 NY3d 865 [2008]).

The court properly directed a court officer to perform the ministerial act of informing the deliberating jury that the court had denied the jury's oral request to take notes during supplemental instructions (*see People v Jonson*, 27 AD3d 289 [1st Dept 2006], *lv denied* 6 NY3d 895 [2006]). Concur—Sweeny, J.P., Acosta, Saxe and Moskowitz, JJ.