People v Morales (2024 NY Slip Op 01681)

People v Morales

2024 NY Slip Op 01681

Decided on March 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 26, 2024

Before: Webber, J.P., Kern, Kennedy, Higgitt, Michael, JJ. 

Ind. No. 2274/13 Appeal No. 1916 Case No. 2023-02950, 2017-2569 

[*1]The People of the State of New York, Respondent,
v
Elliot Morales, Appellant. 

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Carola M. Beeney of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Philip Vyse Tisne of counsel), for respondent.

Judgment, Supreme Court, New York County (Charles H. Solomon, J., at suppression hearing; A. Kirke Bartley, J., at trial and sentencing), rendered June 14, 2016, convicting defendant, after a jury trial, of murder in the second degree as a hate crime, criminal possession of a weapon in the second degree (four counts), menacing a police officer or peace officer, and menacing in the second degree, and sentencing him, as a second violent felony offender, to an aggregate term of 40 years to life, and order, same court (Cori Weston, J.), entered on or about March 28, 2023, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis to disturb the jury's credibility determinations. The jury could reasonably infer that defendant intended to kill the victim from the evidence that defendant shot the victim in the face at close range (see People v Bryant, 36 AD3d 517, 518 [1st Dept 2007], lv denied 8 NY3d 944 [2007]; see generally People v Bracey, 41 NY2d 296, 301 [1977]). The credible testimony does not support defendant's claim that he was heavily intoxicated at the time of the incident.
There was ample evidence to support the finding that defendant selected the victim based, at least in substantial part, on the victim's perceived sexual orientation (see Penal Law § 485.05[1][a]). Defendant instigated the encounter when, for no apparent reason, he commented to the victim and his companion that they looked like "gay wrestlers" as they walked past him in the street. He used homophobic slurs and epithets during the verbal altercation leading up to the shooting, and made further derogatory remarks about the victim's companion at the time of his arrest (see People v Wallace, 113 AD3d 413, 414 [1st Dept 2014]; People v Marino, 35 AD3d 292, 293 [1st Dept 2006]; see also People v Spratley, 152 AD3d 195, 200 [3d Dept 2017]). The testimony concerning defendant's use of homophobic slurs toward employees at a restaurant earlier in the night provided further evidence of his motive and intent.
Defendant's waiver of his right to counsel was knowing, intelligent, and voluntary. The court conducted an extensive and thorough searching inquiry (see People v Crampe, 17 NY3d 469, 481-482 [2011]), which defendant does not substantively challenge except with regard to his sentencing exposure and the nature of the charges against him. The court satisfied its duty of ensuring that defendant was aware of the "range of allowable punishments" (People v Cole, 120 AD3d 72, 75 [1st Dept 2014] lv denied 24 NY3d 1082 [2014]) when it informed defendant, multiple times, that he could face the maximum term of life imprisonment if convicted of the top count of the indictment (see People v Coleman, 213 AD3d 464, 464 [1st Dept 2023], lv denied 39 NY3d 1141 [2023]; cf. People v Rodriguez, 158 [*2]AD3d 143, 152-153 [1st Dept 2018], lv denied 31 NY3d 1017 [2018]). That the court did not apprise defendant of the highest aggregate minimum sentence he faced does not warrant a different conclusion. There is no rigid formula for conducting the inquiry, and no requirement that the trial court provide an explicit accounting of the potential sentencing and all hypothetical outcomes (see People v Arroyo, 98 NY2d 101, 104 [2002]; Coleman, 213 AD3d at 464; see also United States v Schaefer, 13 F4th 875, 887-888 [9th Cir 2021]; United States v Fore, 169 F3d 104, 108 [2d Cir 1999], cert denied 527 US 1028 [1999]). The record establishes the defendant was aware of the nature of the charges against him, as the charges were set out in the indictment, and defendant admitted in a letter to the court that he was "very well familiar" with them.
The People's failure to produce the contact information of a potential defense witness from defendant's cellphone, which had been seized by the police, in advance of the suppression hearing did not violate Brady v Maryland (373 US 83 [1963]). Even assuming that the People had suppressed the requested information, defendant has not established that the information was exculpatory in nature or that he was prejudiced by its suppression (see People v Rong He, 34 NY3d 956, 958 [2019]). At the suppression hearing, defendant sought to introduce an intoxication defense, through testimony of the potential witness, to challenge the voluntariness of statements he made to the police. The potential witness, however, was not present when defendant made those statements, and the hearing court, which heard relevant testimony from multiple witnesses and viewed video evidence, apparently determined that defendant was not so intoxicated that he was unable to understand the meaning of his statements.
Defendant received effective assistance of counsel at the suppression hearing, under both the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant has not demonstrated an absence of strategic explanations for counsel's alleged shortcomings (see People v Honghirun, 29 NY3d 284, 289 [2017]), or that he was otherwise prejudiced by counsel's performance.
Defendant did not preserve his current claim that the court should have submitted to the jury the issue of the voluntariness of his statements, and we decline to consider it in the interest of justice. As an alternative holding, we find that there was insufficient evidence in the record to create a factual dispute on this issue (see People v Cefaro, 23 NY2d 283, 285-289 [1968]; People v Silvagnoli, 251 AD2d 76, 76-77 [1st Dept 1998], lv denied 92 NY2d 882 [1998]). In any event, any error was harmless in light of the overwhelming evidence of defendant's guilt (see People v Crimmins, 36 NY2d 230, 237 [1975]).
Defendant's challenges to the prosecutor's comments on summation are unpreserved because defendant failed [*3]to object, made only general objections, or failed to request further relief after the court sustained his objections (see People v Romero, 7 NY3d 911, 912 [2006]), and we decline to consider them in the interest of justice. As an alternative holding, we find no basis for reversal (see People v D'Alessandro, 184 AD2d 114, 118-120 [1st Dept 1992], lv denied 81 NY2d 884 [1993]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 26, 2024